```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
VICTOR McKEEVER,

                    Plaintiff,              ORDER
                                             17-CV-4996(JS)(SIL)
        -against-

MADELINE SINGAS; BRITTANY R. GURRIER;
LAUREN KALAYDIJAN; DOROTHY J. MARTIN;
KRISTIN C. ROSS; STEVEN STADTMILLER;
PATRICK DELANEY; PATRICK CARROLL;
POLICE OFFICER JOHN DOE #1;
POLICE OFFICER JOHN DOE #2;
COUNTY OF NASSAU, NEW YORK;
COUNTY OF MINELOA, NEW YORK;
COUNTY OF ALLEGHENY, PENNSYLVANIA;
and CITY OF PITTSBURGH, PENNSYLVANIA,

                    Defendants.
-----------------------------------X
```

SEYBERT, District Judge:

The Court is in receipt of pro se Plaintiff Victor McKeever's ("Plaintiff") letter motion: (1) for default judgments against Defendants Kristin C. Ross and the City of Mineola, New York;[1] and (2) to withdraw the civil action against the City of Pittsburgh, Pennsylvania ("Pittsburgh") (the "Letter Motion"). (Ltr. Mot., ECF No. 89.)

---

[1] In the Amended Complaint, Plaintiff named the County of Mineola, New York as a defendant. In the Letter Motion, he seeks a default judgment against the "City of Mineola." Service to the County of Mineola was returned executed; the Form indicates service was made upon "JOYCE [illegible] 2nd FL[,] VILLAGE CLERK". (ECF No. 27, at 6.) The Court takes judicial notice that the proper entity is the Incorporated Village of Mineola. Accordingly, the Clerk of the Court is directed to substitute the Incorporated Village of Mineola, New York as the proper defendant.

The Court construes Plaintiff's second request as voluntarily dismissing his claims against Pittsburgh. Accordingly, the Letter Motion is GRANTED insofar as his request to dismiss defendant Pittsburgh is SO ORDERED and the claims against Pittsburgh are DISMISSED. It follows that Pittsburgh's motion to dismiss (ECF No. 87) is TERMINATED as MOOT and the order referring the motion to Judge Locke is WITHDRAWN.

The remaining portion of Plaintiff's Letter Motion for default judgments against defendants Ross and the "City of Mineola" is DENIED without prejudice to renew. Given his pro se status, the Court construes this portion of the Letter Motion as requesting the Clerk of the Court to enter a notation of default against these defendants. Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Lopez v. Guzman, No. 17-CV-1668, 2021 WL 4045009, at *2 (E.D.N.Y. Aug. 11, 2021) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993)), report and recommendation adopted by 2021 WL 4033574 (E.D.N.Y. Sept. 3, 2021). First, "the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case." Id.; see also FED R. CIV. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second,

after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See FED. R. CIV. P. 55(b).

Therefore, the request for default judgments is DENIED without prejudice and the Court REFERS the portion of Plaintiff's Letter Motion for entry of defaults to the Clerk of the Court.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's Letter Motion (ECF No. 89) is GRANTED insofar as his request to dismiss claims against defendant City of Pittsburgh, Pennsylvania is SO ORDERED and the claims against Pittsburgh are DISMISSED; and

**IT IS FURTHER ORDERED** that the City of Pittsburgh, Pennsylvania's motion to dismiss (ECF No. 87) is TERMINATED as MOOT; and, the Court's referral of Pittsburgh's motion to dismiss to Judge Locke is WITHDRAWN; and

**IT IS FURTHER ORDERED** that, to the extent Plaintiff seeks default judgments against defendants Ross and the City of Mineola, New York, the Letter Motion is DENIED without prejudice; however, the Court REFERS Plaintiff's request for entries of default against these defendants to the Clerk of the Court; and

3

**IT IS FURTHER ORDERED** that the Clerk of the Court shall (1) terminate the City of Pittsburgh, Pennsylvania as a defendant; (2) update the docket to substitute the Incorporated Village of Mineola, New York as the proper defendant in place of defendant the County of Mineola, New York, see supra Note 1; and (3) mail a copy of this Order to the pro se Plaintiff; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 21, 2021
       Central Islip, New York

4