```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
VICTOR McKEEVER,

                Plaintiff,                 ADOPTION ORDER
                                           17-CV-4996(JS)(SIL)
     -against-

MADELINE   SINGAS,   BRITTANY   R.
GURRIER, LAUREN KALAYDIJAN, MARY
MURACK, DOROTHY J. MARTIN, KRISTIN
C.   ROSS,    STEVEN   STADTMILLER,
PATRICK DELANEY, PATRICK CARROLL,
COUNTY  OF  NASSAU,  INCORPORATED
VILLAGE  OF  MINEOLA,  NEW  YORK,
COUNTY        OF        ALLEGHENY,
PENNSYLVANIA,   and   CITY   OF
PITTSBURGH, PENNSYLVANIA,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Victor McKeever, pro se
                    607 Wandless Street
                    Pittsburgh, Pennsylvania  15219

For Defendants
County of Nassau,
Madeline Singas,
Brittany R.
Gurrier, Lauren
Kalaydijan, Mary
Murack, and Patrick
Carroll:            Laurel R. Kretzing, Esq.
                    Office of the Nassau County Attorney
                    1 West Street
                    Mineola, New York  11501

For Defendants
Steven Stadmiller
and Patrick
Delaney:            Joseph Gerald Heminger, Esq.
                    Brucker & Porter
                    180 Fort Couch Road, Suite 410
                    Pittsburgh, Pennsylvania  15241
```

```
For Defendant
Kristin C. Ross:      Valerie Singleton, Esq.
                      Office of the Attorney General New York State
                      200 Old Country Road, Suite 240
                      Mineola, New York  11501

For Defendant
Dorothy Martin:       Alexander Thomas Korn, Esq.
                      PA Office of Attorney General
                      Civil Law Division, Litigation Section
                      15th Floor, Strawberry Square
                      Harrisburg, Pennsylvania  17120

For Defendant
County of
Allegheny,
Pennsylvania:         John A. Bacharach, Esq.
                      Allegheny County Law Department
                      300 Fort Pitt Commons
                      445 First Avenue
                      Pittsburgh, Pennsylvania  15219

For Defendant
Incorporated
Village of Mineola,
New York:             No appearance.
```

SEYBERT, District Judge:

Victor McKeever ("Plaintiff"), proceeding pro se, commenced this civil rights action against the Nassau County Defendants,[1] the PA/DA Defendants,[2] Dorothy Martin ("Martin"), the County of Allegheny ("Allegheny County"), the Village of Mineola, New York ("Mineola"), and Kristin C. Ross ("Ross"). (See Second

---

[1] The Nassau County Defendants are comprised of: County of Nassau ("Nassau County"), Madeline Singas ("Singas"), Brittany Gurrier ("Gurrier"), Lauren Kalaydijan ("Kalaydijan"), Mary Murack ("Murack"), and Patrick Carroll ("Carroll").

[2] The PA/DA Defendants are comprised of: Steven Stadtmiller ("Stadtmiller") and Patrick Delaney ("Delaney").

2

Am. Compl. ("SAC"), ECF No. 19.)  On June 16, 2022, Magistrate Judge Steven I. Locke issued his Report and Recommendation ("R&R") regarding motions to dismiss filed by the Nassau County Defendants, Martin, the PA/DA Defendants, and Allegheny County.[3]  (See generally R&R, ECF No. 104.)  In the R&R, Judge Locke recommended granting Defendants' motions in their entirety.  (See id. at 39.)  On July 5, 2022, Plaintiff filed objections to the R&R, to which Defendants did not respond.  (See Obj., ECF No. 107.)[4]  For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ADOPTED with one modification as set forth below, and Defendants' motions to dismiss are GRANTED.

## FACTUAL BACKGROUND

The Court presumes the parties' familiarity with the factual background as set forth in Judge Locke's R&R and incorporates his summary herein by reference.  (See R&R at 5-9.)  Generally, Plaintiff's claims revolve around his arrest in Pennsylvania and subsequent extradition to New York, which was based upon an arrest warrant obtained by Defendants Singas and Murack for crimes Plaintiff allegedly committed in Nassau County.

---

[3] Unless otherwise stated, when the Court refers to "Defendants," the Court is referring to all Defendants that filed a motion to dismiss.  The only Defendants who did not file such a motion are Ross and Mineola.

[4] The Court's citation to page numbers in Plaintiff's objections are to the numbers the pages are automatically assigned by ECF -- not to the pagination indicated by Plaintiff.

3

PROCEDURAL BACKGROUND

Plaintiff initiated this action on August 23, 2017 and has amended the operative pleading twice, most recently on September 21, 2020. (See Compl., ECF No. 1; First Am. Compl ("FAC"), ECF No. 17; SAC.) Plaintiff's claims against Defendants are premised upon: (1) violations of his constitutional and statutory extradition rights pursuant to 42 U.S.C. § 1983; (2) conspiracy to violate his extradition rights pursuant to 42 U.S.C. § 1985; (3) malicious abuse of process pursuant to 42 U.S.C. § 1983; (4) conspiracy to maliciously abuse process pursuant to 42 U.S.C. § 1985; and (5) racial discrimination pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"). (See Compl.; FAC; SAC.) In addition to those claims, which are asserted against all Defendants, Plaintiff raises various Monell claims against Nassau County, Allegheny County, and Mineola; a Section 1983 claim for failure to intervene against Carroll; and a defamation claim against Singas. (See Compl.; FAC; SAC.)

Thereafter, motions to dismiss were filed by Martin, the Nassau County Defendants, the PA/DA Defendants, and Allegheny County. (See Martin Mot., ECF No. 61; Nassau County Defs. Mot., ECF No. 66; PA/DA Defs. Mot., ECF No. 77; Allegheny County Mot., ECF No. 83.) Plaintiff opposed the motions. (See Opp'n, ECF Nos. 64, 65, 80, 81.) The Court then referred Defendants' motions to

Judge Locke on September 13, 2021. (See Sept. 13, 2021 Elec. Order.)[5]

Judge Locke issued his R&R on June 16, 2022, recommending that Defendants' motions be granted and the SAC be dismissed with prejudice against them. To begin, Judge Locke found that the Court lacks personal jurisdiction over Martin and the PA/DA Defendants, all of whom are based in Pennsylvania. (See R&R at 16-19.) Not only did Plaintiff fail to properly serve Allegheny County, Judge Locke found Plaintiff failed to plead that the County has sufficient contacts with New York to confer lacks personal jurisdiction over the County. (Id. at 19-22.) Moreover, Judge Locke concluded Plaintiff's claims against the County are time-barred. (Id. at 19-22.)

Next, Judge Locke found that Plaintiff's claims against Martin, the PA/DA Defendants, and the Nassau County Defendants are barred by collateral estoppel because Plaintiff fully litigated the issues presented in this case against those defendants during his extradition proceeding in Pennsylvania state court. (Id. at 23-24.)

---

[5] In addition to these four motions, the Court also referred a motion to dismiss filed by the City of Pittsburgh, Pennsylvania ("Pittsburgh"), who was originally a named defendant in this case. After the Court's referral order was entered, Plaintiff voluntarily withdrew his claims against Pittsburgh, mooting its motion to dismiss. (See Mot. to Withdraw, ECF No. 89; Sept. 21, 2021 Elec. Order.)

Judge Locke then considered Plaintiff's individual causes of action. Plaintiff's Section 1983 and 1985 claims, which challenge the processes by which he was extradited, are defective as a matter of law. (Id. at 24-26.) The Constitution's provision regarding extradition, Article 4, Section 2, is implemented by 18 U.S.C. § 3182, which omits details regarding the mechanisms to effect extraditions. (Id. at 26.) Due to this omission, many states created "their own procedural safeguards for the benefit of the accused." (Id.) "[W]hile violations of these safeguards may give rise to a cause of action for false arrest or false imprisonment in the state whose law was breached, a [Section] 1983 action is an inappropriate avenue to seek a remedy." (Id. at 26-27.) Moreover, 18 U.S.C. § 3182 does not "create[] an individual right against extradition nor provide[] a legal predicate" upon which a plaintiff may base a Section 1983 or 1985 claim. (See id. at 27 (citing Powell v. Saratoga County, No. 18-CV-1166, 2019 WL 1253026, at *3 (N.D.N.Y. Mar. 19, 2019)).)

As to Plaintiff's Title VI claim, which is for discrimination based upon his "race, color, and [s]tatus as a felon," Judge Locke found that Plaintiff "alleged no facts regarding how Defendants intentionally discriminated against him." (Id. at 28.) In addition to failing to support his Title VI claim in the SAC, Judge Locke also noted that Plaintiff did "not once,

6

in his nearly 70-page Opposition to Defendants' Motion," even address this claim. (Id.)

Judge Locke then addressed Defendants' immunity arguments. He found that prosecutorial immunity and sovereign immunity shielded the PA/DA Defendants, Singas, Gurrier, Kalaydijan, Murack, and Carroll (id. at 29-33); and further found that Martin and the PA/DA Defendants were protected by qualified immunity (id. at 33-35). Plaintiff's remaining federal claim for Monell liability against Nassau County and Allegheny County also failed as a matter of law. (Id. 35-37.) Judge Locke concluded that the SAC lacked specific factual allegations to show that the Counties committed any unconstitutional acts pursuant to a policy, practice or custom, or that the Counties failed to properly hire, screen, retain, supervise, control, or discipline employees. (Id. at 36.) In light of recommending dismissal of all of Plaintiff's federal claims against Defendants, Judge Locke then recommended that the Court decline to exercise supplemental jurisdiction of Plaintiff's only state law claim for defamation against Singas. (Id. at 37-38.) As a final matter, Judge Locke recommended that Plaintiff not be afforded an opportunity to replead his claims in a third amended complaint, finding that "it is apparent at this juncture that further amendment would be futile." (Id. at 38-39.)

7

On July 5, 2022, Plaintiff filed his objections to the R&R.[6]  No Defendants filed a response.

## ANALYSIS

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

II. Discussion

The Court has reviewed Plaintiff's objections to Judge Locke's R&R and finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Locke.  Rizzi v. Hilton Domestic Operating

---

[6] In the R&R, Judge Locke warned that any objections must be filed within 14 days of receipt of the R&R.  (R&R at 39.)  Defendants served Plaintiff with the R&R by first-class mail on June 17, 2022 (see Proofs of Service, ECF Nos. 105 & 106), and Plaintiff's objections, dated July 2, 2022, were received by the Court on July 5, 2022.  In light of Plaintiff's receipt of the R&R on June 20, 2022, the Court considers the objections timely.  (Obj. at 3 ¶ 4.)

8

Co., Inc., No. 18-CV-1127, 2020 WL 6253713, at *2 (E.D.N.Y. Oct. 23, 2020).[7] Thus, the Court reviews Judge Locke's analysis for clear error and finds none; however, the Court finds it must exercise supplemental jurisdiction over Plaintiff's defamation claim for the reasons set forth below. Accordingly, the R&R is adopted in its entirety with the exception of this modification.[8]

For the sake of completeness, the Court reviews the R&R de novo. Plaintiff objects to the R&R as being contrary to law, arguing that Defendants violated the U.S. Constitution's Extradition Clause and 18 U.S.C. § 3182. (See Obj. at 3-5.) To begin, the Court agrees with Judge Locke that Plaintiff does not have a cognizable constitutional claim based upon the Extradition Clause, which consequently warrants dismissal of Plaintiff's

---

[7] In his objections, Plaintiff argues that he never alleged "a Second Amendment Complaint," but rather his claims arise under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Obj. at 3-4). It appears that Plaintiff conflated the R&R's references to the SAC (or Second Amended Complaint) as being references to a claim arising under the Second Amendment. Neither this Court nor Judge Locke has interpreted Plaintiff's pleadings to assert such a claim.

[8] The Court notes that Judge Locke also recommended denying with prejudice Plaintiff's premature motion to strike Defendant Martin's motion to dismiss. (R&R at 11 n.4.) Nowhere in Plaintiff's objections does he challenge the denial of his motion to strike. As such, the Court reviews this aspect of the R&R for clear error because it is not required to conduct a de novo review under these circumstances. Culberth v. Town of E. Hampton New York, No. 18-CV-4796, 2020 WL 2537263, at *2 (E.D.N.Y. May 19, 2020) (citing Rodriguez v. Perez, No. 09-CV-2914, 2012 WL 3288116, at *1 (E.D.N.Y. Aug. 9, 2012)). Accordingly, the Court concurs with Judge Locke's recommendation, and the motion to strike is DENIED WITH PREJUDICE.

9

Section 1983 and 1985 claims. See Giano v. Martino, 673 F. Supp. 92, 93 (E.D.N.Y. 1987) ("[W]hile a violation of the Uniform Extradition Act 'may give rise to a cause of action for false arrest or false imprisonment in the asylum state, whose laws were breached,' such a violation does not normally give rise to a deprivation of rights secured by the Constitution or laws of the United States." (quoting Raffone v. Sullivan, 436 F. Supp. 939, 941 (D. Conn. 1977))), aff'd, 835 F.2d 1429 (2d Cir. 1987); Hinton v. Moritz, 11 F. Supp. 2d 272, 275 (W.D.N.Y. 1998) (dismissing Section 1983 claim based upon extradition proceedings); see also Powell v. Saratoga County, No. 18-CV-1166, 2019 WL 1253026, at *3 (N.D.N.Y. Mar. 19, 2019) ("Plaintiff does not have standing to force his extradition because 18 U.S.C. § 3182 does not provide for a private right of action." (citing Johnson v. Buie, 312 F. Supp. 1349, 1350-51 (W.D. Mo. 1970))).

Assuming arguendo that the SAC alleges a constitutional violation -- which it does not -- to determine whether the individual Defendants are entitled to qualified immunity,[9] the Court would still need to consider whether the right at issue was

---

[9] Although the County Defendants only raise a general argument as to qualified immunity in their motion (see County Defs. Support Memo, ECF No. 74, at 8-9), the Court considers the defense to be sufficiently raised. Notwithstanding, in addition to being entitled to qualified immunity, the County Defendants are still entitled to prosecutorial and sovereign immunity for the reasons articulated by Judge Locke. (See R&R at 29-33.)

10

clearly established at the time of Defendants' conduct. Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). There is a split of authority as to whether violations of state extradition laws can give rise to constitutional claims, which leads the Court to conclude that "it cannot be argued that the [D]efendants violated a 'clearly established' right," nor that "it was objectively unreasonable for the [D]efendants to act as they did without knowing that they were violating [Plaintiff's] constitutional rights." See Muhammad v. Gold, No. 05-CV-0146, 2007 WL 3088133, at *4 (D. Vt. Oct. 23, 2007) (citing Raffone, 436 F. Supp. at 940). Accordingly, the Court agrees that Plaintiff's Section 1983 and 1985 claims against Singas, Guerrier, Kalaydijan, Murack, Carroll, Martin, and the PA/DA Defendants must be dismissed.

Next, as to Plaintiff's Title VI and Monell claims, the Court agrees with Judge Locke that Plaintiff has not advanced any sufficient, detailed allegations to prevent the dismissal of these claims. (See Obj. at 24, 26.) With respect to the Title VI claim, Plaintiff argues that "two John Doe officers . . . admitted to Plaintiff that he was low hanging fruit, being [he is] a blackman with a record," and that the officers "did . . . Singas a favor by coming to take [him] to New York" because Singas was "overzealous" in light of her campaign for election to District Attorney. (Obj. at 25.) The Court is unable to infer from these conclusory factual contentions that Defendants acted with discriminatory intent or

11

motivation with respect to race. Manolov v. Borough of Manhattan Cmty. Coll., 952 F. Supp. 2d 522, 527 (S.D.N.Y. 2013) (citing Yusuf v. Vassar Coll., 35 F.3d 709, 712-14 (2d Cir. 1994)). As to Plaintiff's Monell claim, which he attempts to save through his objections by advancing new, conclusory allegations not contained in the SAC (see Obj. at 25-26), the claim must nevertheless be dismissed since Plaintiff has not pleaded a viable constitutional claim.

Last, the Court must address Plaintiff's defamation claim against Singas, which Judge Locke recommended that the Court decline to exercise supplemental jurisdiction over. At this juncture, with the exception of this defamation claim, all other claims against the County Defendants, the PA/DA Defendants, Allegheny County, and Martin are dismissed. All that remains are Plaintiff's federal claims against Ross and Mineola, claims which fall within the Court's original jurisdiction, but mirror Plaintiff's now-dismissed claims against the movants here.

The Second Circuit has held that "a district court may not decline to exercise supplemental jurisdiction over state law claims where federal claims remain against other defendants and the state law claims 'form part of the same case or controversy.'" Anderson v. City of Mount Vernon, No. 09-CV-7082, 2018 WL 557903, at *2 (S.D.N.Y. Jan. 23, 2018) (quoting Mejia v. Davis, No. 16-CV-9706, 2018 WL 333829, at *7 (S.D.N.Y. Jan. 8, 2018)). Thus, in

12

light of the surviving federal claims against Ross and Mineola, the Court is not prepared to decline to exercise supplemental jurisdiction over Plaintiff's defamation claim against Singas, and modifies the R&R on this basis.  See D.B. v. Montana, No. 20-CV-1195, 2022 WL 1155248, at *3 (N.D.N.Y. Apr. 19, 2022) (citing 15A Moore's Federal Practice § 106.66[1] (2022); Oladokun v. Ryan, No. 06-CV-2330, 2011 WL 4471882, at *11 (S.D.N.Y. Sept. 27, 2011)) (cleaned up)).

Turning to Plaintiff's objections, he contends that Singas abandoned any defense to the defamation claim.  (See Obj. at 26-27.)  Plaintiff's argument, however, is unpersuasive because Singas sought dismissal of this claim on statute of limitations grounds in both her motion (County Defs. Support Memo, ECF No. 74, at 6) and reply (County Defs. Reply, ECF No. 76, at 8).  As such, her arguments against this claim are neither abandoned nor waived.  Turning to the merits, New York provides a one-year statute of limitations for Plaintiff's defamation claim against Singas.[10]  See

---

[10] Although New York General Municipal Law § 50-i provides a one-year and 90-day statute of limitations for torts against municipal defendants, this statute of limitations does not apply to torts against municipal defendants in their individual capacities. Linell v. New York City Dep't of Educ., No. 15-CV-5085, 2017 WL 880853, at *3 (E.D.N.Y. Mar. 3, 2017).  Rather, C.P.L.R. § 215(3), which provides a one-year statute of limitations, governs such claims.  Id.  Here, Plaintiff's defamation claim is against Singas in her individual capacity only, which triggers C.P.L.R. § 215(3). (See Dec. 21, 2017 Memorandum & Order, ECF No. 9, at 11 (dismissing with prejudice Plaintiff's claims against Singas in her official capacity).)

13

Deaton v. Napoli, No. 17-CV-4592, 2019 WL 156930, at *3 (E.D.N.Y. Jan. 10, 2019) (first citing N.Y. C.P.L.R. § 215(3); then citing McKenzie v. Dow Jones & Co., Inc., 355 F. App'x 533, 535 (2d Cir. 2009)). The alleged defamatory statement here was made by Singas on July 15, 2016 to the media. (See SAC ¶ 20.) As such, the one-year statute of limitations began to run that same day, and the instant case was not commenced until August 23, 2017, which is more than one year later. Accordingly, Plaintiff's defamation claim is untimely and DISMISSED WITH PREJUDICE.

The Court finds Plaintiff's remaining objections to be without merit and OVERRULES them.

As a final matter, the Court notes that Plaintiff seeks entry of default judgment against both Ross and Mineola. (See Obj. at 27-28.) Regarding Ross in particular, although Plaintiff concedes Ross filed an Answer to the SAC on March 29, 2022 (see Ross Answer, ECF No. 97), Plaintiff contends the Answer is untimely. Notwithstanding, Ross's Answer is timely because Judge Locke granted her an extension of time to file the answer, nunc pro tunc, to March 29, 2022. (See Mar. 15, 2022 Elec. Order.) In light of the timely filing of Ross's Answer, the Clerk of Court correctly denied Plaintiff's request for a certificate of default against Ross. (See Mar. 23, 2022 Dkt. Entry.) The only motion for entry of a default judgment that is pending is Plaintiff's motion against Mineola, which remains sub judice. (See Default

14

Mot., ECF No. 98.) However, the Court is holding its ruling on Plaintiff's default motion in abeyance pending the submissions contemplated below by the Court's Order to Show Cause.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objections are OVERRULED, the R&R (ECF No. 104) is ADOPTED with the foregoing modification, Defendants' motions to dismiss (ECF Nos. 61, 66, 77, 83) are GRANTED in their entirety, and Plaintiff's claims against Nassau County, Singas, Gurrier, Kalaydijan, Murack, Carroll, Stadtmiller, Delaney, Martin, and Allegheny County are DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that, because Plaintiff's surviving claims against Ross and Mineola are inextricably intertwined with and premised upon the same factual allegations as the now-dismissed claims against the Nassau County Defendants, Martin, the PA/DA Defendants, and Allegheny County, <u>on or before October 14, 2022, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why his remaining claims against Ross and Mineola should not be dismissed with prejudice.</u> **Plaintiff is WARNED that his failure to timely comply with this Order to Show Cause will lead to the dismissal of the Second Amended Complaint WITH PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)**;

**IT IS FURTHER ORDERED** that Defendant Ross is directed to file a response to Plaintiff's Order to Show Cause submission <u>on or before October 21, 2022</u>; and

**IT IS FURTHER ORDERED** that Defendants serve a copy of this Adoption Order upon Plaintiff forthwith and file proof of such service on ECF <u>on or before September 9, 2022</u>.

**SO ORDERED.**

<u>/s/ JOANNA SEYBERT   </u>
Joanna Seybert, U.S.D.J.

Dated:   September 7, 2022
         Central Islip, New York